## Case No. 14,143.

### TRASK et al. v. DUVAL.

[4 Wash. C. C. 97.] [1]

Circuit Court, D. Pennsylvania.    April Term, 1821.

PLEADING AT LAW—VARIANCE WITH PROOF—ABSOLUTE PROMISE—CONDITIONAL PROMISE.

The declaration stated that the defendant promised "as soon as the plaintiffs should have delivered certain goods to Coucier and adjusted the freight, he the defendant would pay," &c. The promise proved was, "that as soon as the goods were delivered to Coucier, and the freight was adjusted, he the defendant would pay, &c. if Coucier did not." The variance is fatal; the promise laid being absolute, and that proved, conditional.

This was an action brought by the owners of the ship Ann, to recover the freight due for certain goods belonging to Mr. Coucier, and delivered upon the promise of the defendant to pay the freight. The declaration stated the promise as follows: "That as soon as the plaintiffs should have delivered the goods to Coucier, and adjusted with him the amount of the freight, he the defendant would pay it." The evidence of the plaintiffs' agent, to whom the promise was made, was, that "as soon as the plaintiffs should have delivered the goods to Coucier and adjusted with him the amount of the freight, he the defendant would pay it, if Coucier did not." The counsel for the defendant moved to nonsuit the plaintiffs on account of the variance between the promise alleged and that proved.

Mr. Sergeant, for plaintiffs.

C. J. Ingersoll, for defendant.

WASHINGTON, Circuit Justice. The promise stated in the declaration is absolute, to pay when the goods should be delivered, and the amount of freight ascertained. The promise proved is conditional, to pay the freight, if Coucier, the owner of the goods, did not. In the one case, there was no necessity to demand payment of Coucier before the defendant's liability would arise; in the other, such demand was essential. The variance therefore is substantial, and the plaintiffs ought to be called. Nonsuit.

On motion the nonsuit was set aside, and leave given to amend, on paying costs.